# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK PRINCE,<br><br>        Petitioner,<br><br>   v.<br><br>MATTHEW CATE,<br><br>        Respondent. | 1:11-cv-01888 MJS HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on November 14, 2011, Petitioner challenges his January 29, 2004 conviction in Kern County Superior Court for various counts relating to residential burglary and sexual assault. (Pet. at 7, ECF No. 1.) A review of the Court's docket and files shows Petitioner has previously sought federal habeas relief with respect to this conviction. In case number 1:08-cv-01014-JF (HC), Petitioner challenged the same underlying conviction. The petition was denied on the merits on March 25, 2010.

**I.   DISCUSSION**

A court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A court must also dismiss a second or successive

1 petition raising a new ground unless the petitioner can show that 1) the claim rests on a new
2 constitutional right, made retroactive by the United States Supreme Court or 2) the factual
3 basis of the claim was not previously discoverable through due diligence, and these new facts
4 establish by clear and convincing evidence that but for the constitutional error, no reasonable
5 factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. §
6 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or
7 successive petition meets these requirements; the Petitioner must first file a motion with the
8 appropriate court of appeals to be authorized to file a second or successive petition with the
9 district court.

10 Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted
11 by this section is filed in the district court, the applicant shall move in the appropriate court of
12 appeals for an order authorizing the district court to consider the application." In other words,
13 Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
14 petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must
15 dismiss any second or successive petition unless the Court of Appeals has given Petitioner
16 leave to file the petition because a district court lacks subject-matter jurisdiction over a second
17 or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

18 Because the current petition was filed after April 24, 1996, the provisions of the
19 Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition.
20 Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Here, Petitioner claims that newly discovered
21 DNA evidence shows that he was not the perpetrator of the crimes. However, Petitioner makes
22 no showing that he has obtained prior leave from the Ninth Circuit to file his successive
23 petition attacking the conviction.  That being so, this Court has no jurisdiction to consider
24 Petitioner's renewed application for relief under Section 2254 and must dismiss the petition.
25 See Greenawalt, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for
26 writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. §
27 2244(b)(3).
28 ///

## II. ORDER AND RECOMMENDATION

1.) The Court HEREBY ORDERS the Clerk of Court assign a District Court Judge to the present petition; and

2.) The Court RECOMMENDS the habeas corpus petition be DISMISSED as successive.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 17, 2011                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE